ARTHUR SACK, PENSION PAPERWORK, INC., AS PLAN
ADMINISTRATOR OF ANTHONY C. VIGLIOTTI, D.M.D., P.C.
DEFINED BENEFIT PENSION PLAN AND TRUST, PETITIONER *V.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2302–83 "R."     Filed May 21, 1984.

*Steven L. Tarshis*, for the petitioner.
*Samuel E. Berger* and *George M. Sellinger*, for the respondent.

## OPINION

COHEN, *Judge*: Petitioner[1] is the plan administrator of the Anthony C. Vigliotti, D.M.D., P.C. Defined Benefit Pension Plan and Trust and brings this action for a declaratory judgment pursuant to section 7476 and Rule 211.[2] This case was submitted to the Court without trial pursuant to Rules 217(b)(2) and 122.

Anthony C. Vigliotti, D.M.D., P.C. Defined Benefit Plan and Trust (the plan) is a single-employer pension plan established October 31, 1975. The plan was amended on October 24, 1979, effective for the plan year ending October 31, 1979.

---

[1]The caption in this case does not comply with Rule 23(a)(1), Tax Court Rules of Practice and Procedure. This error does not, however, affect the result reached herein.

[2]Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect during the year in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.

On or about January 3, 1980, petitioner submitted Form 5300, Application for Determination for Defined Benefit Plan, to the Internal Revenue Service Office, Albany, N.Y., for determination with respect to the qualified status of the plan. Petitioner subsequently met and corresponded with a representative of the Internal Revenue Service, Brooklyn, N.Y. Sometime after filing Form 5300, two amendments not material to the present action were made to the plan. On March 3, 1982, petitioner met with representatives of the National Office of the Internal Revenue Service, Washington, D.C. As a result of these meetings, on March 25, 1982, petitioner submitted proposed amendments to paragraphs 4.7, 7.2, and 7.3 of the plan to both the Brooklyn and Washington offices of the Internal Revenue Service.

On November 5, 1982, the Commissioner issued a final adverse determination letter with respect to the plan as actually adopted. The proposed amendments to the plan were not taken into consideration by the Commissioner in that determination letter. On February 3, 1983, petitioner filed his petition for a declaratory judgment in this case.

Although the petition alleges that a declaration is sought with respect to a plan that has been put into effect, the administrative record and petitioner's briefs demonstrate that he seeks a favorable declaratory judgment with respect to the plan as it would exist if the proposed amendments were adopted. Respondent, on the other hand, argues in his opening brief that the plan as actually adopted is not qualified under section 401(a). In his reply brief, respondent points out our lack of jurisdiction regarding the proposed amendments.

The pertinent part of section 7476 provides:

SEC. 7476. DECLARATORY JUDGMENTS RELATING TO QUALIFICA-
TION OF CERTAIN RETIREMENT PLANS.
  (a) CREATION OF REMEDY.—In the case of actual controversy involving—
    (1) a determination by the Secretary with respect to the initial qualification or continuing qualification of a retirement plan under subchapter D of chapter 1, or
    (2) a failure by the Secretary to make a determination with respect to
      (A) such initial qualification, or
      (B) such continuing qualification if the controversy arises from a plan amendment or plan termination,
  upon the filing of an appropriate pleading, the Tax Court may make a declaration with respect to such initial qualification or continuing qualifi-

cation. Any such declaration shall have the force and effect of a decision of the Tax Court and shall be reviewable as such. * * *

(b) LIMITATIONS.—

\*    \*    \*    \*    \*    \*    \*

(4) PLAN PUT INTO EFFECT.—No proceeding may be maintained under this section unless the plan (and, in the case of a controversy involving the continuing qualification of the plan because of an amendment to the plan, the amendment) with respect to which a decision of the Tax Court is sought has been put into effect before the filing of the pleading. A plan or amendment shall not be treated as not being in effect merely because under the plan the funds contributed to the plan may be refunded if the plan (or the plan as so amended) is found to be not qualified.

The intended effect of the statute is apparent: "In order to satisfy the Tax Court that an actual controversy exists, an employer will have to place the plan into effect prior to the time that he petitions the Tax Court for a declaratory judgment." H. Rept. 93–807 (1974), 1974–3 C.B. (Supp.) 236, 342. See also S. Rept 93–383 (1973), 1974–3 C.B. (Supp.) 80, 193.

The conclusion that we lack jurisdiction is unavoidable. The proceeding must be dismissed.

*An appropriate order will be entered.*